Kenneth A. **BALDWIN** et al.,
Plaintiffs-Appellees,

v.

**BURGER CHEF SYSTEMS, INC.,**
Defendant-Appellant.

No. 74-1296.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 1974.

See also, D.C., 365 F.Supp. 1229.

Glenn F. Doyle, Smith & Brooker, Carl H. Smith, for appellant.

John A. Picard, Saginaw, Mich., for appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

In October 1971, Burger Chef Systems, Inc., and Baldwin, Inc., entered into a lease and franchise agreement for the operation of a fast food restaurant. Acting in their individual capacities, members of the Baldwin family, appellees here, guaranteed the performance of Baldwin, Inc., under the agreement. In May 1973, Burger Chef filed a demand for arbitration, seeking to recover from Baldwin, Inc., and from the guarantors arrearages due under the contract in the amount of $21,365.16. Shortly thereafter, the Baldwins filed a complaint against Burger Chef in the Circuit Court for Saginaw County, Michigan, asking that Burger Chef be enjoined from pursuing the arbitration remedy and praying for a declaration that the individual guaranties are invalid. The complaint made no reference to the amount sought by Burger Chef in the arbitration proceeding.

Burger Chef subsequently filed a petition to remove the case to the District Court on the basis of diversity of citizenship. However, the District Court granted the Baldwins' motion to remand on the ground that the requisite amount in controversy was not established by the Circuit Court complaint. The court also awarded $750 to the Baldwins for attorneys' fees incurred because of the removal. Burger Chef now appeals from this award.

As a general rule, a federal court may not award attorney's fees to the prevailing party unless a statute or a binding contract authorizes such a re-

covery. Hall v. Cole, 412 U.S. 1, 4–5, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). There is, however, one rather broad exception to this rule. A court exercising its equitable powers may award attorney's fees in certain extraordinary circumstances. For example, when an adversary has acted in bad faith or vexatiously, attorney's fees may be recovered. *See* Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 n. 4, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); Monroe v. Board of Comm'rs, 453 F.2d 259 (6th Cir.), cert. denied, 406 U.S. 945, 92 S.Ct. 2045, 32 L.Ed.2d 333 (1972). Similarly, attorney's fees may be allowed when a litigant's efforts confer "a substantial benefit on the members of an ascertainable class, and . . . the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." Mills v. Electric Auto-Lite Co., 396 U.S. 375, 393–394, 90 S.Ct. 616, 626, 24 L.Ed.2d 593 (1970); *see* Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939).

■ The present case comes within none of these exceptions. We find no basis in the record for the award of attorney's fees made in the case at bar. No statute or contract authorizes the Baldwins to recover their attorney's fees, nor is this one of the exceptional cases in which a court of equity may order such a recovery in the interest of justice.

The judgment of the District Court is reversed insofar as it awarded $750 in attorney's fees to the Baldwins.

No costs are taxed. Each party will bear his own costs on this appeal.