Cornell Lillard NASH and Devora Dixon, Plaintiffs,

v.

John T. HALL and Missouri-Kansas-Texas Railroad Company, a Foreign Corporation, Joe Carter, and William M. Gibbons, Trustee for Chicago, Rock Island & Pacific Railroad Company, a debtor under Section 77 of the Bankruptcy Act, Defendants.

No. CIV–76–0722–D.

United States District Court, W. D. Oklahoma.

July 11, 1977.

**634**

John L. Clifton, Shawnee, Okl., Kenneth N. McKinney, Oklahoma City, Okl., for plaintiffs.

H. D. Binns, Jr., Oklahoma City, Okl., for defendant William M. Gibbons.

Donald L. Cooper, Oklahoma City, Okl., for all other defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action arising out of a car-train accident in Shawnee, Oklahoma. Plaintiffs are both Oklahoma citizens and Plaintiff Cornell Lillard Nash seeks recovery herein for personal injuries suffered in said accident while Plaintiff Devora Dixon seeks recovery for property damage to her automobile. Defendant John T. Hall (Hall) was the engineer of the train owned by Defendant Missouri-Kansas-Texas Railroad Company (MKT) which was being operated at the time of the accident by Defendant Joe Carter (Carter), an engineer for Defendant Chicago, Rock Island & Pacific Railroad Company (Rock Island), over tracks owned by Rock Island.

Plaintiffs originally brought this action in the District Court of Pottawatomie County, Oklahoma, and the case was subsequently removed to this Court by Defendants Hall and MKT pursuant to 28 U.S.C. § 1441. Defendants Carter and Rock Island were added as Defendants after the removal of the case to this Court. It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendants have filed herein a Motion to Retain Jurisdiction and an alternative Motion to Drop Party Defendant due to the fact that both Plaintiffs and Defendant Carter are Oklahoma citizens. In support of their Motions, Defendants contend that this Court has jurisdiction of this case as complete diversity existed between Plaintiffs and Defendants at the time this case was removed from state court and the subsequent addition of Defendant Carter to the case as a Defendant did not divest the Court of jurisdiction. Defendants ask that if the Court finds that the addition of Defendant Carter will divest the Court of jurisdiction, Defendant Carter should be dropped as a Defendant pursuant to Rule 21, Federal Rules of Civil Procedure, thus preserving diversity jurisdiction.

Plaintiffs have responded to Defendants' Motions and join in Defendants' position that this Court should retain jurisdiction as the case now stands or Defendant Carter should be dropped as a party defendant.

Removability of a case is determined as of the date when the petition for removal is filed and depends upon the case disclosed by the pleadings at that time. *Coditron Corp. v. AFA Protective Systems, Inc.*, 392 F.Supp. 158 (S.D.N.Y.1975); *Hearst Corp. v. Shopping Center Network, Inc.*, 307 F.Supp. 551 (S.D.N.Y.1969); *Fink and Co. v. Standard Insurance Co.*, 229 F.Supp. 563 (E.D.Okl.1964); *Glucksman v. Columbia Broadcasting System, Inc.*, 219 F.Supp. 767 (S.D.Cal.1963). The record before the Court herein reveals that complete diversity of citizenship existed between Plaintiffs and the Defendants named in the original Complaint at the time of removal and therefore, this case was properly removed. As previously noted, Plaintiffs amended their Complaint by adding Defendants Carter and Rock Island as party defendants after Defendants Hall and MKT removed the case to this Court. To allow Defendant Carter to remain in this case would defeat this Court's diversity jurisdiction. *See Heatherton v. Playboy, Inc.*, 60 F.R.D. 372 (C.D.Cal.1973); *Fort Howard Paper Co. v. Affiliated F.M. Insurance Co.*, 60 F.R.D. 62 (E.D.Wis.1973); *Alexander v. Lancaster*, 330 F.Supp. 341 (W.D.La.1971); Wright & Miller, *Federal Practice and Procedure*: Civil § 3723. However, nondiverse parties may be dropped by the Court pursuant to Rule 21, *supra*, in order to achieve the requisite diversity of citizenship if their

presence is not required under Rule 19, Federal Rules of Civil Procedure. *Jett v. Phillips & Associates*, 439 F.2d 987 (Tenth Cir. 1971); *Oppenheim v. Sterling*, 368 F.2d 516 (Tenth Cir. 1966); *Vieser v. Harvey Estes Construction Co.*, 69 F.R.D 370 (W.D.Okl. 1975). In the instant case, all allegations of negligence against Defendant Carter are as the agent of the other Defendants so that a judgment against the other Defendants could be obtained for the negligent acts of Defendant Carter. Accordingly, Defendant Carter is not an indispensable party under Rule 19, *supra*. Therefore, the Court finds and concludes that Defendants' Motion to Drop Party Defendant in which Plaintiffs concur should be granted and that Defendant Carter should be dropped as a Defendant from this case.