**GRINNELL BROTHERS, INC., et al.,**
**Plaintiffs-Appellees,**

v.

**TOUCHE ROSS & CO., a partnership, et al., Defendants-Appellants.**

**No. 79–1655.**

United States Court of Appeals,
Sixth Circuit.

Argued June 3, 1981.

Decided July 24, 1981.

Fred W. Freeman, Lawrence G. Campbell, Robert P. Ufer, Dickenson, Wright, McKean, Cudlip & Moon, Detroit, Mich., for defendants-appellants.

Roger L. Premo, Southfield, Mich., for plaintiffs-appellees.

Before EDWARDS, Chief Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PHILLIPS, Senior Circuit Judge.

The single issue on this appeal is a $500 attorney's fee awarded by the district court in favor of plaintiffs and against defendants.

The suit originally was filed in the Circuit Court for Oakland County, Michigan. Thereafter, the defendants filed a petition for removal of the case to the United States District Court. Plaintiffs thereupon filed a motion for an order remanding the case to the Oakland County Circuit Court "for the reason that the case was improperly removed by Defendants to this Court and this Court lacks jurisdiction over the subject matter of this action." The motion also asked for costs, including attorney's fees, "because of Defendant's filing of the obviously improper removal petition and refusal to withdraw the same."

District Judge Julian Abele Cook, Jr., entered the following order:

This action having been originally commenced by Plaintiffs in the Circuit Court for Oakland County, Michigan and having been removed to this Court by Defendants' Petition for Removal; Plaintiffs' having filed herein a Motion to Remand to State Court and for Award of Costs Including Attorney's Fees to Plaintiffs requesting the remand of this action to the Oakland County Circuit Court; briefs in support of and in opposition to the Motion having been filed herein by the parties; Plaintiffs' Motion having duly come on for hearing on September 17, 1979; the parties having informed the Court that Defendants had acquiesced ten (10) days prior to the hearing in the portion of the Motion requesting remand of the case to the Oakland County Circuit Court but not in the further request of Plaintiffs for the award of attorney's fees; counsel for the parties having presented at the hearing oral argument on the remaining issue of the requested award of attorney's fees to Plaintiffs;

and the Court being fully advised in the premises.

IT IS HEREBY ORDERED AND ADJUDGED that this action shall be, and hereby is, remanded to the Circuit Court for Oakland County, Michigan and that Defendants shall have fourteen (14) days from the date of this order to answer or otherwise plead to Plaintiffs' Complaint in the Oakland County Circuit Court.

IT IS' FURTHER ORDERED AND ADJUDGED, for the reasons stated by the Court at said hearing, that an award of attorney's fees incurred by Plaintiffs because of the removal to Federal Court shall be, and hereby is, made to Plaintiffs in the amount of Five Hundred ($500.00) Dollars and that Defendants shall be, and hereby are, directed to pay the amount of said award to Plaintiffs within thirty (30) days of the date of this order.

We affirm.

## I

■ As a general rule, but with certain exceptions, a federal court may not award attorneys fees to the prevailing party. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

In *Hall v. Cole*, 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1945–1946, 36 L.Ed.2d 702 (1973), the Supreme Court wrote:

Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require. Indeed, the power to award such fees "is part of the original authority of the chancellor to do equity in a particular situation," *Sprauge v. Ticonic National Bank*, 307 U.S. 161, 166, 59 S.Ct. 777, 779, 83 L.Ed. 1184 (1939), and federal courts do not hesitate to exercise this inherent equitable power whenever "overriding considerations indicate the need for such a

recovery." *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391–392, 90 S.Ct. 616, 625–626, 24 L.Ed.2d 593 (1970); see *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967). (Footnotes omitted.)

Appellant relies on the opinion of this court in *Baldwin v. Burger Chef Systems, Inc.*, 507 F.2d 841 (6th Cir. 1974), in which we wrote:

As a general rule, a federal court may not award attorney's fees to the prevailing party unless a statute or a binding contract authorizes such a recovery. *Hall v. Cole*, 412 U.S. 1, 4–5, 93 S.Ct. 1943 [1945–1946], 36 L.Ed.2d 702 (1973); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, [1406], 18 L.Ed.2d 475 (1967). There is, however, one rather broad exception to this rule. A court exercising its equitable powers may award attorney's fees in certain extraordinary circumstances. For example, when an adversary has acted in bad faith or vexatiously, attorney's fees may be recovered. See *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 n. 4, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Monroe v. Board of Comm'rs*, 453 F.2d 259 (6th Cir.), cert. denied, 406 U.S. 945, 92 S.Ct. 2045, 32 L.Ed.2d 333 (1972). Similarly, attorney's fees may be allowed when a litigant's efforts confer "a substantial benefit on the members of an ascertainable class, and . . . the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 393–394, 90 S.Ct. 616, 626, 24 L.Ed.2d 593 (1970); see *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939).

The present case comes within none of these exceptions. We find no basis in the record for the award of attorney's fees made in the case at bar. No statute or contract authorizes the Baldwins to recover their attorney's fees, nor is this one

of the exceptional cases in which a court of equity may order such a recovery in the interest of justice.

■ In awarding the $500 fee to plaintiffs, the district judge correctly construed the holding of this court in *Baldwin* and found:

The Court notes that in reading the *Baldwin* case that the line of authority does not require that bad faith or vexatious actions or, as to use the words of the Plaintiff's counsel, flagrant disregard for the propriety of the action ... be applied.

This Court may, if it believes it appropriate, order recovery of attorney fees when, in its opinion, it is in the interest of justice.

\* \* \* \* \* \*

The Court notes further that two briefs were filed by the Plaintiff; that this is the second appearance in Court by the Plaintiffs. The Court also notes that, in its examination of the substantive issue relating to the remand, that had the matter been brought to contest, this Court, based upon its examination of the record and based upon its reading of the briefs, would have granted the Plaintiff's motion for remand.

\* \* \* \* \* \*

The Court does believe that although there is no finding of bad faith on the part of the Defendants, that there is a justification of legal fees. Accordingly, the sum of $500.00 is awarded to the Plaintiffs.

## II

Appellant relies upon *Roadway Express, Inc. v. Piper, supra,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488, where the court remanded for a specific finding as to whether counsel's conduct constituted or was tantamount to bad faith. In view of the express findings of fact of the district court in the present case, we hold that no remand is necessary.

Affirmed.