Patricia **KASPROWICZ**, Plaintiff,

v.

**CAPITAL CREDIT CORPORATION**, a Delaware corporation, and **Alphonso C. Fuller, Jr.**, Jointly and Severally, Defendants.

**Civ. No. 81–71442.**

United States District Court,
E. D. Michigan, S. D.

Oct. 15, 1981.

Monica Farris Linkner, Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen, Detroit, Mich., for plaintiff.

Jonathan Miller, Goodman, Miller & Miller, P. C., Southfield, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR ATTORNEY FEES

COHN, District Judge.

### I.

This case was removed from the Oakland County, Michigan, Circuit Court. Plaintiff's complaint contains four counts: sex discrimination in violation of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 et seq., M.S.A. § 3.548(101) et seq., intentional infliction of emotional distress and two Michigan statutory claims regarding wrongful conduct in employment. Capital Credit Corporation (Capital) and Alphonso C. Fuller, Jr., a Capital branch manager, both of whom are denominated in the complaint as plaintiff's employers, are each named as defendants in three of the counts. Fuller is named alone in the count claiming intentional infliction of emotional distress.

Capital, an out-of-state corporation, removed the case to this Court on May 6, 1981. Fuller did not join in the petition though he signed an affidavit supporting it. The petition asserted two grounds for removal: the existence of a federal question, 28 U.S.C. § 1441(b), and diversity, 28 U.S.C. § 1441(a). Thereafter both defendants moved to dismiss the complaint alleging a written release. The Court denied the motion on June 16, 1981.

Plaintiff then moved to remand the case to Oakland County, Michigan, Circuit Court, arguing that removal was improper as the complaint did not involve a federal question and diversity was lacking since both plaintiff and defendant Fuller were citizens of Michigan. Defendants responded, taking the position that Fuller was a "nominal"

defendant whose citizenship need not be considered in determining diversity. At a hearing on August 3, 1981 the Court said it was inclined to grant plaintiff's motion but, at defendants' request, allowed them two weeks to file a supplemental brief containing authority for the removal, particularly supporting the proposition that Fuller was only a "nominal" defendant in the Elliott-Larsen and other statutory claims and therefore could be ignored for purposes of removal.

In the interim defendants stipulated to a remand. Plaintiff now moves for an award of attorney fees in the amount of $574 incurred in securing the remand. She argues removal was unwarranted and without any substantial basis. The motion is accompanied by an affidavit of counsel listing 6.75 hours of work on the removal and remand at an hourly rate of $85. Defendants have responded; the Court held a hearing on September 21, 1981.

For reasons stated on the record at the hearing and set forth below, plaintiff's motion is granted.

### II.

Although as a general rule federal courts may not award attorney fees to a prevailing party, *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), there is an exception when an adversary has acted in bad faith or vexatiously. *Baldwin v. Burger Chef Systems, Inc.*, 507 F.2d 841 (6th Cir. 1974). Recently, however, the Court of Appeals for the Sixth Circuit indicated that bad faith or vexatious conduct is not required when recovery of attorney fees would be "in the interest of justice". *Grinnell Brothers, Inc. v. Touche Ross & Co.*, 655 F.2d 725 (6th Cir. 1981).[1] In *Grinnell* the Court of Appeals affirmed an attorney fee award of $500 in circumstances virtually identical to this case—fees incurred by a plaintiff to secure an order of remand after

---

1. *Compare: Cornwall v. Robinson*, 654 F.2d 685 (10th Cir. 1981) (bad faith or vexatious conduct required for award of attorney fees for improvident removal; "negligence, frivolity or improvidence" insufficient).

improper removal. The award was upheld despite the holding of the District Judge that the defendants had not acted in bad faith.

Three factors convince the Court an award of attorney fees in this case will be "in the interest of justice". First, there was no reasonable basis to assert federal question jurisdiction for removal. While the removal petition alleges plaintiff's claim of sex discrimination "falls within the provisions of 42 U.S.C. § 2000 *et seq.* (and other applicable federal statutes)", no federal claim appeared or was alluded to anywhere in the complaint. Second, Capital's attempt to find diversity by terming Fuller a "nominal" defendant lacked case law support and ignored plaintiff's claim of intentional infliction of emotional distress directed solely against Fuller. Finally, Capital's petition for removal did not even apprise the Court that Fuller was also named as a defendant.

If Capital wished to test its theory that Fuller was a "nominal" defendant, it should have done so by moving to dismiss the claims against him in Oakland County, Michigan, Circuit Court. Had it been successful, the case would have been properly removable. Had the attempt failed, the expenses of removal and remand could have been spared.[2] In either event, the legal issues advanced by Capital would have been heard by a state court, the more appropriate forum in which to resolve questions of state law.

The Court does not hold defendants' conduct was vexatious or in bad faith. It does hold that under the law of this Circuit, *Grinnell, supra,* an award of $574, for attorney fees wrongfully incurred by plaintiff in response to removal without any substantial basis, is in the interest of justice.

SO ORDERED.

---

2.  28 U.S.C. § 1927 provides:

    "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, *and attorneys' fees* reasonably incurred because of such conduct." (emphasis added).

    An amendment to the statute in 1980 added the power to award attorney fees. Antitrust Procedural Improvements Act of 1980, Pub.L. No. 96–349, § 3, 94 Stat. 1156 (1980). Under this statute the court may require that counsel, rather than the party, pay excess costs incurred because of its unreasonable and vexatious conduct. Because Capital is represented by both New York and local counsel, however, and the Court cannot determine from the record which counsel was responsible for the improper removal, 28 U.S.C. § 1927 will not be invoked as a basis for the Court's decision.