**Arthur TAYLOR, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORPORATION, and Metropolitan Life Insurance Company, Defendants-Appellees.**

**No. 84–1503.**

United States Court of Appeals, Sixth Circuit.

Argued April 8, 1985.

Decided June 7, 1985.

Rehearing and Rehearing En Banc Denied July 25, 1985.

Dennis P. Brescoll (argued), Mount Clemens, Mich., for plaintiff-appellant.

David M. Davis (argued), Detroit, Mich., Gilbert Y. Rubenstein (argued), Rubenstein, Pruchnicki, Chittle and Smith, Flint, Mich., for defendants-appellees.

Before WELLFORD and MILBURN, Circuit Judges, and KINNEARY, District Judge *.

WELLFORD, Circuit Judge.

This action was originally filed by plaintiff, Arthur Taylor, in state court, alleging breach of contract, retaliatory discharge, and wrongful termination of disability benefits. Defendants, General Motors Corporation ("GMC") and Metropolitan Life Insurance Company ("Metropolitan"), there-

after sought to remove the action to federal court under 28 U.S.C. § 1441, asserting that plaintiff's claim for wrongful termination of benefits was in reality a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. Plaintiff moved to remand the action to state court, arguing that his claim was based solely on state law and not ERISA. The district court denied plaintiff's motion and subsequently entered judgment for defendants on the merits, 588 F.Supp. 562.

## I.

Plaintiff started at GMC as a salaried employee in 1959 as a fifth level engineering analyst with the Fisher Body Division. In May 1980, following over twenty years of employment and two promotions, plaintiff began experiencing emotional problems allegedly while in the midst of a divorce and child custody dispute. He consulted with a licensed psychologist, Andrew T. Yang, Ph.D., claiming "sheer depression" and "suicidal tendencies." As a result, plaintiff took a leave of absence from work, and also notified Metropolitan, GMC's insurance carrier, that he had become totally disabled. Accompanying this notice was a statement from Dr. Yang that plaintiff was suffering from a "situational anxiety reaction" and should not return to work. In a letter from Dr. Yang to Dr. Stephen A. Evanoff, plaintiff's treating physician, Dr. Yang suggested that plaintiff might be suffering back problems.

Upon receiving plaintiff's notice of disability, Metropolitan commenced paying benefits. At the same time, realizing that Dr. Yang was not a physician, Metropolitan scheduled plaintiff for a psychiatric examination to take place on June 11, 1980. Dr. Gordon Forrer, a licensed psychiatrist, examined plaintiff on this date and concluded that, as an initial matter, plaintiff was to be considered disabled. He recommended, however, that a follow-up examination be held in six weeks. After conducting this

---

* Honorable Joseph P. Kinneary, United States District Court for the Southern District of Ohio, sitting by designation.

follow-up examination, Dr. Forrer concluded that plaintiff was not disabled and could return to work.

Plaintiff then filed a supplementary claim with Metropolitan seeking disability benefits for orthopedic reasons. Plaintiff was placed on special leave of absence without pay pending the outcome of his supplementary claim. In July 1980 plaintiff was directed by Metropolitan to go to the Detroit Industrial Clinic, where he was examined by Dr. N. Wilson. Dr. Wilson, on August 1, 1980, found no orthopedic problems with plaintiff. Later, in September 1980, upon receiving x-rays taken by Dr. Evanoff, Dr. Wilson again concluded that plaintiff suffered no orthopedic problems.

On July 30, 1980, Metropolitan ceased paying plaintiff benefits. On August 12, 1980, plaintiff was informed by GMC that it considered him not to be disabled. On October 10, 1980, Metropolitan informed plaintiff and GMC that it had reviewed the medical evidence and concluded plaintiff was not disabled. It thus refused to pay any benefits beyond July 30, 1980. On October 31, 1980, plaintiff was requested to report to the Chevrolet Central Office medical department for a medical examination. On November 5, 1980, plaintiff was examined by GMC's physician who concluded that plaintiff was able to resume his duties.

Rather than return to work as requested, plaintiff insisted that he was disabled. On November 10, 1980, plaintiff was notified by GMC that his employment had been terminated as of November 5. His status was reported as a "voluntary quit."

## II.

As a basis for the removal of this case to federal court, GMC and Metropolitan rely wholly on the argument that ERISA preempts state law, and converts plaintiff's state law claim for disability benefits against Metropolitan into a claim under ERISA. The group insurance policy at issue in this case is a part of GMC's employee benefits program established under ER-

ISA. *See* 29 U.S.C. 1002(1). Because the plan at issue is regulated by ERISA, and because ERISA preempts all state laws in this field, *see* 29 U.S.C. § 1144, defendants argue that plaintiff's action in reality "arises under" federal law, and hence is subject to removal under 28 U.S.C. § 1441(b).

Plaintiff, on the other hand, asserts that his claim against Metropolitan is only a state law claim. He argues that the claim is based solely on state contract law as a claim for benefits due under a group insurance policy. Because the *complaint* fails to state a federal claim, plaintiff claims the case does not "arise under" federal law within the meaning of either 28 U.S.C. § 1331 or 28 U.S.C. § 1441, and could not properly be removed.

Both plaintiff's and defendants' arguments find support in the case law. Several district courts have found removal proper under circumstances analogous to those presented here. *See, e.g., Leonardis v. Local 282 Pension Trust Fund,* 391 F.Supp. 554, 557 (E.D.N.Y.1975) ("Actions of which the District Courts have original jurisdiction are not subject to remand irrespective of whether the plaintiff intended to allege a federal or state claim, if a federal cause of action exists"); *Tolson v. Retirement Committee of the Briggs & Stratton Retirement Plan,* 566 F.Supp. 1503 (E.D.Wis.1983) (court finds state contract claim for benefits preempted by ERISA and thus removal was proper).

In *Roe v. General American Life Insurance Co.,* 712 F.2d 450 (10th Cir.1983), moreover, an employee brought suit in state court against his employer and its insurer alleging that certain benefits were due him under the employer's employee benefits plan. The district court found removal proper, because the plan at issue was regulated by ERISA. The Tenth Circuit agreed:

Recognizing that there is some split of authority, we believe that the insurance program of the sort here involved does

come within the ambit of ERISA, and that the case was properly removed. *Id.* at 452.

As noted by the Tenth Circuit, a definite split of authority exists. *See, e.g., Lederman v. Pacific Mutual Life Insurance Co.,* 494 F.Supp. 1020 (C.D.Cal.1980) (court finds removal improper because plaintiff given choice of forum). In *Powers v. South Central United Foods & Commercial Workers Unions and Employees Health and Welfare Trust,* 719 F.2d 760 (5th Cir.1983), a participant in a jointly trusted employee health and welfare plan, subject to ERISA, brought suit in state court alleging the plan had fraudulently misrepresented its coverage and had violated the Texas Deceptive Trade Practices Consumer Protection Act. The case was removed to federal district court on the ground that the plan was controlled solely by ERISA. On appeal, the court found that removal was improper, entering into a well-thought analysis of removal jurisdiction.

> Whether a case is one rising under the Constitution or a law or treaty of the United States, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim ..., unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.

*Id.* at 763 (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–725, 58 L.Ed. 1218 (1914)). " '[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.' " 719 F.2d at 764 (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983)). Moreover, "an asserted or anticipated defense predicated on federal preemption of state law is, in jurisdictional terms, a defense like any other, and will not serve to invoke federal jurisdiction." 719 F.2d at 264.

The Supreme Court has recently reiterated this point in an ERISA-preemption context. In *Franchise Tax Board,* 103 S.Ct. at 2848, the Court stated that a

> case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

That case involved the attempted removal of a claim brought by a state agency seeking to collect delinquent taxes from a benefit plan. Removal was based solely on preemption under ERISA. The Court concluded that removal was improper because the complaint, as opposed to the defense, failed to make out a federal claim.

Applying the *Francise Tax Board* rationale, the *Powers* court concluded that the case before it was not removable because it "alleged no federal cause of action, raised no federal issue, and relied on no federal statute." 719 F.2d at 765. Likewise, in the present case plaintiff has not asserted a federal claim. The federal question relied on for removal is based upon Metropolitan's defense. Although the issue is certainly not free from doubt, we are persuaded that plaintiff has confined his claim against Metropolitan to one based on state law, and the well-pleaded complaint rule precludes removal.

This case is not a case where the plaintiff has " 'artfully' fail[ed] to plead essential federal issues in the complaint," *id.* (citing *Franchise Tax Board,* 103 S.Ct. at 2853), in order to avoid federal jurisdiction. Further, we do not believe this is a situation where "the plaintiff's complaint clearly establishes that the claim is one necessarily rising under federal law," 719 F.2d at 766, justifying removal jurisdiction. It is not "clearly established" that actions for benefits allegedly due under a group insurance policy "necessarily" arise under federal law simply because the insurance policy is a part of an overall benefit plan established pursuant to ERISA. *See Cate v. Blue Cross & Blue Shield of Alabama,* 434 F.Supp. 1187 (E.D.Tenn.1977) (action against group insurer for benefits held not

to constitute federal claim merely because insurance agreement was part of plan regulated by ERISA); *Eversole v. Metropolitan Life Insurance Co.*, 500 F.Supp. 1162 (C.D.Cal.1980) (claim for medical benefits allegedly due under group policy not preempted by ERISA); *Home for Crippled Children v. Prudential Insurance Co.*, 590 F.Supp. 1490 (W.D.Pa.1984) (action against group insurer not necessarily governed by ERISA); *cf. Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir.1982) (en banc) (group insurance plan not in and of itself employee benefit plan within meaning of ERISA).

We express no opinion concerning whether Congress intended ERISA to preempt the type of claim brought by plaintiff in this case.[1] Rather, we hold only that removal was improper where the well-pleaded complaint in this instance failed to raise a federal question.[2] There is also no diversity basis of jurisdiction,[3] and therefore the case must be remanded to state court.[4]

■ We recognize that as a general rule courts permit removal to federal court, notwithstanding the well-pleaded complaint doctrine, where an employee in a labor case attempts to assert a common law cause of action against his employer. *See, e.g., Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468 (9th Cir.1984) (contract claim against employer preempted by Labor Management Relations Act thus making removal proper). In those cases, however, regardless of the wording of the complaint it is clear that the claim must necessarily arise under federal law. Any attempt by the plaintiff to circumvent federal

labor law is merely a practice in artful pleading. *See Eitmann v. New Orleans Public Service, Inc.*, 730 F.2d 359 (5th Cir.), *reh'g denied*, 738 F.2d 437 (5th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984). We, like the Fifth Circuit in *Powers* and *Eitmann*, find cases implicating ERISA to differ from those involving the federal labor laws generally.

### III.

We REVERSE the judgment of the district court and REMAND with instructions to transfer this case to the state court. We, of course, express no opinion in regard to the merits of plaintiff's various claims discussed fully by the district court.

---

1. This court recently held that ERISA was intended to preempt a common law cause of action for wrongful discharge. *Authier v. Ginsberg*, 757 F.2d 796 (6th Cir.1985). Our holding today is not inconsistent with that result. In *Authier* the court was concerned not with whether it had jurisdiction, but with the substance of the asserted preemption defense. In contrast, we here are concerned not with the merit of the preemption defense, but rather with whether jurisdiction exists in the first instance. The questions are separate and distinct.

2. We recognize that the well-pleaded complaint doctrine, established in *Louisville & Nashville*

*Railroad Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), is a rule of statutory origin, and is not a constitutional mandate.

3. Plaintiff is a citizen of Michigan, as is GMC for diversity purposes.

4. A claim brought by a participant or beneficiary to recover benefits due under the terms of an employee benefit plan may be brought in either state or federal court. *See* 29 U.S.C. §§ 1132(a)(1)(B) and 1132(e)(1). Thus, even if the claim presented here were brought under ERISA it could be pursued in state court.