884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Greg L. KUBIAK, Plaintiff-Appellee
v.
HOLLAND MOTOR EXPRESS, INC., et al., Defendants-Appellants.
 No. 88-4065.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1989.
 
 Before KEITH and WELLFORD, Circuit Judges, and HORACE W. GILMORE,* District Judge.
 PER CURIAM:
 
 
 1
 On December 5, 1986, Greg L. Kubiak, plaintiff, filed an Ohio state court suit contesting his earlier 1986 termination of employment as a supervisor by Holland Motor Express, Inc., (Holland). Kubiak made nine claims in his complaint, including promissory estoppel, breach of implied agreement, breach of express agreement, intentional interference with prospective economic advantage, civil conspiracy, tortious breach of the covenant of good faith and fair dealing, invasion of privacy, affrontment to dignity and intentional/reckless infliction of emotional distress. He modestly sought damages exceeding eleven million dollars plus "reasonable attorney's fees and other just and equitable relief." Only two of the claims, intentional interference with prospective economic advantage and civil conspiracy, referred to appellant Banis, who was an official of Holland living in Ohio.
 
 
 2
 Holland was engaged in the interstate transportation of general commodity freight. It was headquartered in Michigan, but operated a terminal facility in Cleveland, Ohio. Banis had been Holland's Cleveland terminal manager prior to the time of Kubiak's discharge by Holland. Kubiak was hired by Holland in 1984 as a night shift supervisor at the Cleveland facility. Banis told Kubiak on February 6,, 1986 that his work performance and conduct were unacceptable, and that he therefore must either resign or be terminated. Plaintiff elected to resign.
 
 
 3
 Holland, a Michigan corporation, with its principal place of business in Michigan, filed a petition for removal to the United States District Court for the Northern District of Ohio pursuant to the provisions of 28 U.S.C. Secs. 1441(a) and 1441(c). One week later the defendants filed a motion for a more definite statement of Kubiak's complaint. Plaintiff sought an extension of time to respond to the motion for a more definite statement and the defendants opposed that request. This motion has never been ruled upon by the district court.
 
 
 4
 The plaintiff then petitioned to have the case remanded to the Ohio state court. The defendants filed a brief in opposition, but the district court granted the plaintiff's motion to remand by making the following handwritten notation in the margin of the plaintiff's motion: "Granted. So Ordered. 2/9/88."
 
 
 5
 Kubiak then petitioned the Ohio state court for attorney's fees incurred as a result of the removal to, and remand from, federal court. It was denied as improvidently filed. Finally, plaintiff petitioned the district court for attorney's fees, which motion the defendants opposed. Judge Batchelder awarded the plaintiff attorney's fees in the full amount requested without making any findings of fact or conclusions of law as a basis for the award. The defendants appealed, and plaintiff filed a motion for dismissal of the defendants' appeal to this court. A panel of this court denied plaintiff's motion to dismiss.
 
 
 6
 We must decide whether the award of attorney's fees by the district court is appealable as a final order, and whether the district court abused its discretion in granting the plaintiff attorney's fees in the amount of $3,562.50.
 
 1. Appealable Order
 
 7
 The plaintiff contends that the award of attorney's fees by the district court was not a final disposition of all claims before it, and therefore is not appealable under 28 U.S.C. Sec. 1291 as a final order. An award of attorney's fees by the district court is appealable to this court under 28 U.S.C. Sec. 1291. Schmitt v. Insurance Company of North America, 845 F.2d 1546 (9th Cir.1988). Appeals from such awards are generally permitted. See, e.g., Baldwin v. Burger Chef, 507 F.2d 841 (6th Cir.1974); ITT Industrial Credit Co. v. Durango Crushers, Inc., 832 F.2d 307 (4th Cir.1987); Grinnel Brothers, Inc. v. Touche Ross & Co., 655 F.2d 725 (6th Cir.1981); Cornwall v. Robinson, 654 F.2d 685 (10th Cir.1981). That issue need not be addressed since it has been previously handled correctly by another panel of this court.
 
 2. Award of Attorney's Fees
 
 8
 The award of attorney's fees was not accompanied by any findings of fact or conclusions of law. The general rule, or the "American" rule, is that the prevailing party is not entitled to attorney's fees. Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980); Alyeska Pipeline Company v. Wilderness Society, 421 U.S. 240 (1975). Certain exceptions to this rule have been made by specific statutory authority. See, e.g., 42 U.S.C. Sec. 2000(e)5(k) (Title VII of the Civil Rights Act of 1964). A request for attorney's fees in the absence of such statutory authority generally is not favored. Alyeska, 421 U.S. at 269-70.
 
 
 9
 In extraordinary circumstances, the federal courts have made limited exceptions to the general rule against awarding attorney's fees to the prevailing party. See Monroe v. Board of Commissioners, 453 F.2d 259 (6th Cir.), cert. denied, 406 U.S. 945 (1972) (party was guilty of bad faith or vexatious behavior). We have in very unusual situations permitted an award of fees by a district court when, in its opinion, "it is in the interest of justice." Grinnel Brothers, Inc. v. Touche Ross & Co., 655 F.2d 725, 727 (6th Cir.1981). In Grinnel the defendants removed the case to a federal district court, but later acquiesced in the plaintiff's petition for remand prior to the district court's disposition. The district court found the removal to be improper and accordingly awarded attorney's fees of $500 in favor of the plaintiffs in the "interest of justice."
 
 
 10
 An award of attorney fees against an unsuccessful party in the "interest of justice" requires evidence of extraordinary circumstances, bad faith, vexatious behavior, or pursuit of a frivolous action. The problem in this case is that the district judge made no findings of misconduct, bad faith, or any other factor to support an extraordinary award of attorney's fees against Holland.
 
 
 11
 Standards for setting an amount of attorney's fees were provided by this court in Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624, 636 (1979), in the civil rights context:
 
 
 12
 This court has been disturbed by the extraordinary variations in fee awards that have come before it on review, and by a marked failure on the part of the district courts to explain their reasoning, make necessary findings of facts, or demonstrate the calculations used to arrive at a fee. Such awards may well constitute an abuse of discretion while rendering the award virtually unreviewable. We therefore conclude that a uniform approach to awarding fees, with a requirement that the district court make clear and adequate findings of fact on the record, is necessary in order that we may discharge our statutory duty to award a "reasonable" fee. That which is arbitrary or conclusory is not reasonable, and is not fair to either of the parties involved.
 
 
 13
 Id. at 636.
 
 
 14
 Northcross also discussed the documentation necessary to calculate such an award. The court discussed affidavits of reasonable fees, compared the requested hourly rates with community rates, and discussed a reduction of rates for duplicative services or for "necessary services performed by attorneys which could reasonably have been performed by less expensive personnel." The Supreme Court also has noted the need for detailed records to support an attorney's fee petition. Hensley v. Eckerhard, 461 U.S. 424, 433 (1983). Here plaintiff's counsel submitted to the district court a one page time record and an affidavit attesting to the appropriateness of the amount requested. The trial court found only that the "fees requested reasonable in all respects." Plaintiff's attorney purportedly spent the better part of three days researching and reading cases devoted to the fairly narrow issues of removal, diversity of citizenship, and separate and independent claims.
 
 
 15
 The fee of $3,562.50 awarded in this case, moreover, far exceeds the fees awarded in the cases relied upon by the plaintiff. In Grinnel, the district court, after finding that the defendant's removal of the case was improper, awarded attorney's fees of only $500 in favor of the plaintiffs in the "interest of justice." Similarly, in Kasprowicz v. Capital Credit Corporation, 524 F.Supp. 105 (E.D.Mich.1981), the federal district court awarded a fee of $574.00 after finding that there was no reasonable basis to assert federal jurisdiction. This court in Baldwin v. Burger Chef, 507 F.2d 841 (6th Cir.1984), reversed an award of $750.00 in attorney's fees where the case was removed without any evidence that the jurisdictional amount was met. Without any factual findings concerning the appropriateness of the fee by the district court, we cannot say whether the attorney's fee award in this case meets the standards established by the case law precedents, or whether it was appropriate at all.
 
 
 16
 We accordingly REVERSE and REMAND for further proceedings in accordance with this decision.
 
 
 
 *
 THE HONORABLE HORACE W. GILMORE, United States District Court for the Eastern District of Michigan, sitting by designation