Venkaiah **YEDLA**, Plaintiff,

v.

**ELECTRONIC DATA SYSTEMS, INC., John McGovern and Mike Flynn, Jointly and Severally, Defendants.**

**No. 91–CV–71252–DT.**

United States District Court, E.D. Michigan, S.D.

May 24, 1991.

Deborah L. Gordon, Stark & Gordon, Detroit, Mich., for plaintiff.

Gail M. O'Brien and Martin T. Wymer, Electronic Data Systems Corp., Southfield, Mich., and Lee J. Hutton, Duvin, Cahn & Barnard, Cleveland, Ohio, for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

HACKETT, District Judge.

Pursuant to 28 U.S.C. § 1447, plaintiff Venkaiah Yedla, a Michigan resident, has filed a motion to remand this employment discrimination suit to the Michigan Circuit Court for the County of Oakland. Also pursuant to § 1447, plaintiff requests costs and attorney fees for the expenses incurred in filing and defending this motion.

Plaintiff's complaint alleges that defendant Electronic Data Systems, Inc. (EDS) employed him from April 6, 1981, through January 29, 1988. During part of that period defendants Mike Flynn (Flynn) and John McGovern (McGovern), both citizens of Michigan, supervised plaintiff. Plaintiff contends that McGovern fired plaintiff on January 29, 1988. Alleging that defendants terminated plaintiff based upon his age and Indian ancestry, the complaint charges EDS with wrongful discharge and all three defendants with violations of Michigan's Elliott–Larsen Civil Rights Act (Elliott–Larsen). M.C.L.A. 37.2101 *et seq.*

Defendants contend that McGovern and Flynn are nominal and unnecessary parties to this case, and that they acted within the scope of their employment at all relevant times. In removing to this court, defendants argue that plaintiff joined Flynn and McGovern as parties solely to defeat diversity jurisdiction.

In support of the motion to remand, plaintiff notes that Flynn supervised and evaluated plaintiff during his tenure at EDS, and McGovern directly participated in the decision and acts to dismiss plaintiff. Furthermore, plaintiff emphasizes that Elliott–Larsen permits a victim of alleged discrimination to sue agents of the employer, M.C.L.A. § 37.2201(a), such as Flynn and McGovern.

Plaintiff has properly cited Elliott–Larsen, which defines "employer" as "a person who has 1 or more employees, and *includes an agent of that person.*" M.C.L.A. § 37.2201(a) (emphasis added). Because Flynn and McGovern served as agents of EDS, plaintiff may name them as defendants in this suit.

In opposing this motion to remand, defendants have made only conclusory statements that plaintiff sued Flynn and McGovern to avoid federal diversity jurisdiction. They have not supported that allegation with facts and arguments that warrant dismissal of Flynn and McGovern from this action.

Defendants properly note that the court should dismiss a resident defendant who is fraudulently joined in a case merely to defeat diversity jurisdiction. *Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354, 355 (E.D.Mich.1988) (citing *Anderson v. Home Insur. Co.*, 724 F.2d 82, 84 (8th Cir.1983); *St. Paul Mercury v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1958); *Roe v. General American Life Insur. Co.*, 712 F.2d 450, 452 (10th Cir.1983); *Dodd v. Fawcett Publications*, 329 F.2d 82 (10th Cir.1964); *Tedder v. FMC Corp.*, 590 F.2d 115, 117 (5th Cir.1979)). Joinder is not fraudulent, however, "[i]f there is a reasonable basis for asserting that state law might impose liability on the resident defendant under the facts alleged...." *Id.* (citing *Anderson*, 724 F.2d at 84; *Tedder*, 590 F.2d at 117; *Roe*, 712 F.2d at 452). In the instant case, Elliott–Larsen clearly permits plaintiff to recover from McGovern

and Flynn if the allegations of the complaint are true.

■ Defendants improperly rely upon *Scientific Computers, Inc. v. Edudata Corp.*, 596 F.Supp. 1290 (D.Minn.1984), *Fletcher v. Advo Systems, Inc.*, 616 F.Supp. 1511 (E.D.Mich.1985), *Publicker Industries v. Roman Ceramics*, 603 F.2d 1065 (5th Cir.1979), and *Nash v. Hall*, 436 F.Supp. 633 (W.D.Okla.1977). In *Scientific Computers*, the court determined that joinder was fraudulent because the plaintiff, who could have joined additional defendants, charged only those defendants whose citizenship would avoid diversity jurisdiction. Nothing in the instant case, however, indicates that plaintiff has been so carefully selective in naming defendants.

The *Fletcher* court held that the defendant in an employment discrimination suit had been improperly joined, where that defendant did not participate in the firing decision and was not even aware that the employer had taken such an action. The complaint in this matter, however, clearly alleges that Flynn supervised and demoted plaintiff, while McGovern actually terminated him. Defendants have offered nothing to refute these allegations, leaving the court with the presumption that all allegations in the complaint are true.

In *Publicker*, the district court, pursuant to Federal Rule of Civil Procedure 21 (misjoinder and non-joinder of parties), dismissed a non-diverse corporate party because that party was in fact the alter ego of a co-defendant, and had been joined merely to defeat diversity jurisdiction. Such circumstances are not relevant to the facts of the instant matter. Defendants in this suit have not demonstrated that EDS is the alter ego of either McGovern or Flynn. None of the defendants are so closely related for the court to determine that a judgment against one is a judgment against the others.

In *Nash*, defendants properly removed an action to federal court, followed by plaintiffs' attempt to add non-diverse parties that would divest the court of jurisdiction. The court noted that diversity jurisdiction existed at the time of removal, and

then determined that joinder was improper because the new defendants were not necessary for the just adjudication of the suit. Such a holding is not comparable to the facts presently before this court.

■ Section 1447(c) states in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In this case, defendants removed to a federal forum, anticipating that the court would find McGovern and Flynn to be nominal defendants, who had been named to avoid federal jurisdiction. The facts of this suit, however, do not warrant such a finding, especially in light of the language of Elliott–Larsen.

This suit is comparable to *Kasprowicz v. Capital Credit Corp.*, 524 F.Supp. 105 (E.D.Mich.1981), in which defendants removed to federal court "taking the position that [a certain defendant] was a 'nominal' defendant whose citizenship need not be considered in determining diversity." *Id.*, 524 F.Supp. at 106. Judge Cohn, rejecting that argument and awarding attorney fees to plaintiff, stated

[i]f [defendant] wished to test its theory that [its codefendant] was a 'nominal' defendant, it should have done so by moving to dismiss the claims against him in Oakland County, Michigan, Circuit Court. Had it been successful, the case would have been properly removable. Had the attempt failed, the expenses of removal and remand could have been spared. In either event, the legal issues advanced by [defendant] would have been heard by a state court, the more appropriate forum in which to resolve questions of state law.

*Id.*, 524 F.Supp. at 107.

The court finds that defendants did not have a sound legal theory that warranted removal of this particular case to federal court. Accordingly,

IT IS ORDERED that plaintiff's request for costs and attorney fees relative to this motion hereby is GRANTED. Plaintiff forthwith shall submit to this court an

itemized statement of costs and attorney fees incurred in filing and defending this motion to remand.

IT IS FURTHER ORDERED that plaintiff's motion to remand this suit to the Michigan Circuit Court for the County of Oakland hereby is GRANTED.