Jack E. WILLIAMS, d/b/a Jack E. Williams Associates

v.

Alexander W. BEYER.

Civ. A. No. 78–145.

United States District Court, D. New Hampshire.

Aug. 22, 1978.

David H. Bradley, Hanover, N. H., for plaintiff.

Joseph F. Daschbach, Lebanon, N. H., for defendant.

## ORDER AND OPINION

DEVINE, District Judge.

On or about April 1, 1976, plaintiff Williams, a resident of Vermont, entered into a contract with defendant Beyer, a resident of New Hampshire, whereby plaintiff agreed to construct a house for defendant in Etna Village, Grafton County, New Hampshire. The contract was drafted by an attorney retained by the defendant, and contained an agreement to arbitrate as follows:

8. DISPUTE: Any dispute arising out of this Contract or the application of any provisions thereof shall be submitted to an arbitrator or arbitrators not interested in the financial aspects of this Contract. The parties may agree on one arbitrator, or may select one each and these two shall select a third. It is mutually agreed that any such arbitration award shall be binding and at the same weight as a legal adjudication of any differences between the parties.

A dispute subsequently arose between the parties, and on March 7, 1977, the plaintiff filed in the Superior Court of Grafton County a Petition For Appointment Of Arbitrator, pursuant to RSA 542:4. This petition set forth the diverse residency of the parties and indicated that the amount in controversy was $15,000. The petition was duly served upon the defendant, who filed an Answer And Cross-Petition on April 14, 1977. On June 9, 1977, the defendant filed a Petition to Attach, alleging that his counterclaim was in the amount of $30,000, and that because of the non-residence of the plaintiff, attachment of such assets as were located in New Hampshire was necessary.

RSA 542:4 provides in pertinent part:

If no method of naming arbitrators be provided, or if for any other reason there shall be a lapse in the naming of arbitrators, then upon the application of either party to the controversy the court aforesaid or the court in and for the county in which the arbitration is to be held shall designate and appoint an arbitrator or arbitrators as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and, unless otherwise provided in the agreement, the arbitration shall be by a single arbitrator.

On August 19, 1977, the Superior Court of Grafton County denied the defendant's petition to attach and ordered the parties to proceed to arbitration. It was originally contemplated that arbitration would proceed before three arbitrators but, due to the illness of one arbitrator chosen, the parties agreed to proceed before a single arbitrator who held hearings and took evidence between March 15 and 17, 1978. On March 29, 1978, the arbitrator entered an award which directed that the defendant pay to the plaintiff the sum of nine thousand and twelve dollars ($9,012).

The defendant having failed to pay the arbitrator's award, the plaintiff on May 1, 1978, filed an Application For Confirmation Of Award in the Grafton County Superior Court. On May 8, 1978, defendant filed his petition and bond for removal in this court pursuant to 28 U.S.C. § 1446. On the same date defendant also filed in this court his Motion To Vacate Arbitration Award, contending that jurisdiction existed pursuant to the United States Arbitration Act (9 U.S.C. §§ 1, et seq.), and diversity of citizenship (28 U.S.C. § 1332). The basis of this motion was that the arbitrator was not impartial in that he had previous business and social relationships with the plaintiff

and with the plaintiff's principal witness, had previous adverse business relationships with defendant's principal witness, had imposed an unreasonable time limit for the presentation of the defendant's case, and had imposed upon the defendant an improper burden of proof.

Plaintiff filed his motion to remand on May 12, 1978, and the matter came on for hearing before this Court on August 17, 1978.

■ The removal statute (28 U.S.C. § 1441) contains no express requirement as to the amount that must be in controversy before a case may be removed, but since it authorizes removal only of cases that originally might have been brought in a federal court, it follows that the jurisdictional amount requirement of $10,000 exclusive of interest and costs (28 U.S.C. § 1332) applies to removed actions to the same extent as to original actions. 14 Wright, Miller & Cooper, Federal Practice and Procedure, § 3725, p. 660. No part of the required jurisdictional amount can be met by considering a defendant's counterclaim. *Id.*, p. 670. Inasmuch as the award here is less than the jurisdictional amount, the defendant must assert some other basis for removal.

The removal statute further provides (28 U.S.C. § 1441[b]) that unless the original jurisdiction of the district court is founded on a claim or right arising under the Constitution, treaties, or laws of the United States, it cannot be removed if, as here, the defendant is a citizen of the state in which the action is brought.

> For a suit to be one that arises under the laws of the United States, so as to confer original or removal jurisdiction on the federal courts, it must appear on the face of the complaint that resolution of the case depends upon a federal question. . . . The fact that a defense to the action may raise a federal question, . . . is immaterial. . . . It is also irrelevant that plaintiff may, in fact, have no valid state cause of action, but at best only a federal one; he is free to select the suit he will bring. . . . *Brough v. United Steelworkers of America, AFL-CIO*, 437 F.2d 748, 749 (1st Cir. 1971) (citations omitted).

■ And the United States Arbitration Act (9 U.S.C. §§ 1, *et seq.*) does not of itself confer independent jurisdiction on a federal court. *Bangor and Aroostook Railroad Company v. Maine Central Railroad Company*, 359 F.Supp. 261, 264 (D.D.C.1973); *Victorias Milling Co. v. Hugo Neu Corporation*, 196 F.Supp. 64 (D.N.Y.1961).

■ The defendant contends that this case "involves commerce" within the meaning of the United States Arbitration Act (9 U.S.C. §§ 1–3) and, therefore, furnishes a basis for removal. The Court is in doubt as to whether "commerce" is actually involved, but does not find it necessary to decide this issue, as the principal obstacle to defendant's contention is the question of whether the petition for removal was filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" (28 U.S.C. § 1446[b]). Defendant argues that it was not until he received the Petition For Confirmation Of Award that the time limitation set forth in the above statute commenced to run and, therefore, the petition was timely filed.

It is apparent to the Court that the New Hampshire arbitration statute (RSA 542), which permits the Court to designate and appoint arbitrators grants jurisdiction to the Court and, in the instant case, that jurisdiction was asserted not later than August 19, 1977, when the Court entered its Order directing the parties to proceed to arbitration. At that point in time, the defendant knew full well that there was a dispute between diverse parties and that the plaintiff was then claiming the sum of $15,000 in damages.

In *Lesser Towers, Inc. v. Roscoe-Ajax Construction Co.*, 258 F.Supp. 1005 (D.Cal. 1966), a petition for arbitration was filed in the state court to which there was a response seeking declaratory relief and the enjoining of arbitration. The superior court issued an order for arbitration, which

was held pursuant thereto, and about two years thereafter, the petition was filed to confirm the arbitrator's award, with a petition for removal filed in the federal court shortly thereafter. It was the contention of the defendant that it was not until the petition to confirm the award was filed that there was an "initial pleading" such as to start the running of the thirty-day period for removal. In granting the motion to remand, the Court said in pertinent part (258 F.Supp. 1009, 1010):

> It appears that although the Federal law may be applicable, the United States Arbitration Act does not require that the proceedings to enforce arbitration and the arbitration award be deemed so separate and independent as to allow the removal to Federal court more than thirty days after the State court is vested with jurisdiction on the filing in that court of the initial judicial proceedings in the matter.

For the reasons hereinabove set forth, the Court finds and rules that the petition for removal here was untimely filed. In passing, it should be noted that the New Hampshire arbitration statute (RSA 542, § 8) provides practically the same relief as that in the United States Arbitration Act (9 U.S.C., §§ 9, 10) relative to the relief sought by the defendant in the motion to vacate the award. Defendant contends that because there are more federal cases dealing with arbitration and because of the paucity of library facilities in the superior court, he should be allowed to proceed here, and he further contends that under the doctrine of pendent jurisdiction, this court should continue with his motion to vacate regardless of the disposition of the motion to remand. But the Court finds these contentions to be less than overwhelming. There are no questions of federal policy raised here, nor are there, in the view of the Court, any considerations of judicial economy or fairness to the litigants to support the exercise of federal jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218. A review of the factors required to support the exercise of federal jurisdiction indicates strongly that it should

not here be retained. *Ondis v. Barrows*, 538 F.2d 904, 908 (1st Cir. 1976).

The foregoing shall comprise the findings and rulings of the Court. The plaintiff's motion to remand is granted. The motion of the defendant to vacate the award, filed herein, is also ordered remanded.

SO ORDERED.