**BALLARD'S SERVICE CENTER, INC.,**
**Plaintiff, Appellant,**

v.

**William TRANSUE,**
**Defendant, Appellee.**

No. 88–1210.

United States Court of Appeals,
First Circuit.

Submitted Oct. 7, 1988.

Decided Jan. 13, 1989.

Elliot Taubman, New London, Conn., on brief, for appellant.

John S. Pfarr, Block Island, R.I., on brief, for appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

The plaintiff-appellant, Ballard's Service Center, Inc., brought an action in the Rhode Island Superior Court against William Transue alleging failure to pay rent on a gas station and breach of contract as to the sale of petroleum products. The defendant answered and counterclaimed, alleging that the lease was unenforceable under Rhode Island antitrust law. The *plaintiff* then sought to remove the case to the federal district court, alleging that the defendant, in his counterclaim, was actually raising a federal antitrust claim. The plaintiff then filed a motion in federal court to dismiss the counterclaim for failure to state a claim. The defendant sought to remand to the state court. The district court determined there was neither diversity nor federal question jurisdiction and that removal was frivolous. The court ordered the matter remanded to the state court with "all resulting costs to be borne by the plaintiff."

The plaintiff moved to reconsider the order of remand and objected to the defendant's bill of costs which included $2,507.50 in attorney's fees. (The plaintiff did not, and does not now, object to the remaining $68.09 in costs.) The district court rejected what it characterized as the plaintiff's attempt to bootstrap the case into federal court by usurping the defendant's right to determine what claim he would raise against the plaintiff and, in effect, seeking

to amend the defendant's counterclaim so as to allege a federal claim. The district court stated:

"This matter hangs on the question of the allowance of the bill of costs which the Magistrate Clerk determined in the amount of $2,575.59. The only possible basis for jurisdiction in this court of this action was the existence of the federal claim. In view of the fact that the parties are Rhode Island residents and the amount appears to be somewhat less, involves, appears to be somewhat less than $10,000.00.[sic] The Plaintiff here, the party who removed, seeks to amend the Defendant's here counterclaim in the state court by making it read as a federal claim rather than as a state claim. That is not the Plaintiff's province. Quite clearly, the claim was made under state law. The Plaintiff here has no supervisory jurisdiction over what kind of a claim the Defendant here can make in the state court. It's for the Defendant to make that decision, not the Plaintiff. The Defendant made that decision. Whether or not a state claim was a good claim in state court was a question for the state court to determine, and it's not up to the party against whom the claim is made to establish a characterization of that claim as a federal claim. And with that bootstrapping remove the case to this court. Furthermore, the record shows that the removal was not timely. The record also shows a removal and then an effort to dismiss in this court. Under the circumstances, I am satisfied that this litigation in this court was wholly frivolous, without any merit whatsoever, without the slightest possibility of success. The taxpayers of this country provide this system so that disputes can be resolved, but it is not to be abused. It isn't totally a free lunch. There has to be some responsibility exercised in terms of involving the Court and opposite parties in litigation that serves no useful purpose. The parties to this case are to be commended for their intelligence in settling it themselves, something that should have been done by those who are hired to do so.[1][1] Under the circumstances, I'm satisfied that the Clerk Magistrate's determination has a solid basis and the Court affirms the bill of costs in the amount of $2,575.59, plus an additional three hours of service at $85.00 for this hearing, adding an amount of $255.00 to the bill of costs. The Plaintiff may have an exception. You prepare a form of order."

The plaintiff then filed a notice of appeal.

■ As this court's order of May 4, 1988, stated, the order of the district court remanding the case to the state court on the ground that the case was removed improvidently and without jurisdiction is not reviewable, whether it was erroneous or not. *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976); *Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977); *Volvo of America Corp. v. Schwarzer,* 429 U.S. 1331, 1332, 97 S.Ct. 284, 285, 50 L.Ed.2d 273 (Rehnquist, Circuit Justice 1976); 28 U.S.C. §§ 1447(c) & 1447(d). The plaintiff's arguments on appeal, therefore, insofar as they challenge the correctness of the district court's determination of the providence or jurisdictional basis of the removal attempt are unavailing and we will not address them.

■ To the extent, however, that the plaintiff complains of the award of attorney's fees related to the removal and remand procedure, it appears that this court does have jurisdiction to review such an award. *See ITT Indus. Credit Co. v. Durango Crushers, Inc.,* 832 F.2d 307 (4th Cir.1987); *Grinnell Bros., Inc. v. Touche Ross & Co.,* 655 F.2d 725 (6th Cir.1981); *Cornwall v. Robinson,* 654 F.2d 685 (10th Cir.1981); *Peltier v. Peltier,* 548 F.2d 1083 (1st Cir.1977). On appeal, the plaintiff contends that the award of attorney's fees is unjustified because it was unsupported by any express finding of bad faith. The plaintiff further contends that the district

---

1. The parties ultimately resolved the underlying matter through the use of a mediator and without counsel. We are not informed of the date of this settlement.

court did not purport to award attorney's fees against the plaintiff based on a violation of Fed.R.Civ.P. 11[2] and that the defendant's assertion in his appellate brief that the plaintiff's conduct with respect to the removal and remand procedure violated that Rule is, therefore, irrelevant.

The plaintiff's arguments as to the inadequacies he perceives in the district court's ruling seem unduly focused on its form while ignoring the clear substance of that determination. Even were we to conclude that the district court's ruling was an insufficient finding that the plaintiff's action was tantamount to bad faith, we would, nonetheless, affirm the award. Rule 11 authorizes the district court to assess attorney's fees against a party and/or his attorney who irresponsibly initiates and/or litigates a cause of action. *Kale v. Combined Insurance Company of America*, 861 F.2d 746, 756 (1st Cir.1988). The standard under Rule 11 is an objective one, *i.e.*, "reasonableness under the circumstances." Fed.R.Civ.P. 11 advisory committee's note. Even assuming that the plaintiff (in the guise of its attorney) did not possess, or the evidence was insufficient to infer the existence of, purely subjective bad faith, the district court clearly indicated that the action of the plaintiff's attorney in this case was unreasonable under the circumstances. We find no abuse of discretion in this determination.

Title 28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them. Plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them. 14A C. Wright, A. Miller &

E. Cooper, Federal Practice and Procedure § 3731 (2d ed. 1985). The plaintiff in this case not only sought to remove a lawsuit which he himself filed in state court, but also in doing so sought to amend the *defendant's* counterclaim, expressly grounded only on state law, so as to allege a federal basis for relief not sought by the defendant. The fact that the district court did not recite the words "Rule 11" does not warrant reversing the award of attorney's fees in this case. *See Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 603 (1st Cir.1988) (court of appeals finds sufficient support in Rule 11 for district court's award of attorney's fees although district court did not expressly state the source of legal authority for the imposition of the award). Obviously, it is preferable that the district court state the authorized basis on which it is relying in imposing the award. To conclude that the district court abused its discretion in awarding attorney's fees in this instance, however, because it failed to articulate the words "Rule 11" would be both unwarranted and irrational in light of the forceful ruling which it did make. That ruling set out not only the court's conclusion that the initiation and pursuit of the removal procedure was wholly frivolous, without any merit whatsoever, without the slightest possibility of success, an abuse of the judicial system, irresponsible, and without any useful purpose, but also detailed the basis for that conclusion. The district court found the plaintiff's action to be unreasonable under the circumstances; there was no abuse of discretion in that determination; and we see no point in vacating the award and remanding to the district court with the obvious result of having the district court reimpose the award—the only

---

2. Federal Rules of Civil Procedure 11 states in pertinent part:

"The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as

to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

450

distinction being that upon remand the district court would expressly state that the award was imposed pursuant to Rule 11. *See Alicea Rosado v. Garcia Santiago*, 562 F.2d 114, 118 (1st Cir.1977) (although doubtful that it could affirm the award of attorney's fees on the district court's stated ground of bad faith, court of appeals, nonetheless, affirms award on the basis of statute enacted since district court judgment which allows a district court to award such fees in its discretion). Time and judicial resources are better utilized elsewhere than in such unduly formalistic exercises.

We further conclude that the award of attorney's fees should be paid personally by the plaintiff's attorney, rather than by the plaintiff. *See Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d at 607. As pointed out by the district court, the parties to this case had the good sense not to continue litigating the underlying matter, but rather settled the matter between themselves without the "benefit" of counsel. The attorney's fees were awarded because of the patently improper attempt to remove the case to federal court, and were unrelated to the merits of the underlying case. The plaintiff was chargeable with the duty of reasonable inquiry into the legal legitimacy of a removal to federal court. Under these circumstances, however, it seems appropriate that the individual expected to be most versed with what, after all, was purely a legal question, *i.e.*, the plaintiff's attorney, should bear the consequences of his unreasonable, ill-founded legal maneuver, which only served to irresponsibly prolong litigation and incur further expense for the opposing side.

Appellee is granted counsel fees and costs for defending this appeal. *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d at 607.

AFFIRMED.