70 F.3d 1252
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
In re A.G. EDWARDS, Jr., Petitioner.
 No. 94-1402.
 United States Court of Appeals, First Circuit.
 Dec. 9, 1994.
 
 Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judge.
 
 ORDER OF COURT
 
 1
 Pro se petitioner-defendant A.G. Edwards, Jr. has filed a "petition for writ of mandamus and for appeal" from the district court's orders (1) dismissing his federal counterclaims under civil RICO, 18 U.S.C. Secs. 1962, 1964, against respondent-plaintiff Stadium Auto Body, Inc. ("Stadium") and three additional parties, and (2) remanding the remainder of the litigation, which Edwards had removed to federal court, back to state court.
 
 
 2
 We note the strong possibility that the district court's remand order may be non-reviewable, either by appeal or by mandamus, under 28 U.S.C. Sec. 1447(d). See Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976). Even assuming, however, that we have power to review the remand order, it is clear that the district court acted properly, as there was simply no basis for federal subject-matter jurisdiction.
 
 
 3
 The district court did not have federal question jurisdiction under 28 U.S.C. Sec. 1331 because plaintiff Stadium's complaint did not state a federal claim. It is settled law that the existence of federal question jurisdiction is determined solely on the basis of the plaintiff's complaint. A federal question that is raised as a defense or counterclaim by a defendant, such as Edwards, does not confer federal question jurisdiction or establish a basis for removal. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 & n. 9 (1983); 14A Wright, Miller, & Cooper, Federal Practice and Procedure Sec. 3722, at 255-260 (2nd ed.1985).
 
 
 4
 Although apparently there is complete diversity between the parties, the district court did not have diversity jurisdiction under 28 U.S.C. Sec. 1332 because the $50,000 amount-in-controversy requirement of Sec. 1332(a) is not met. Plaintiff Stadium's complaint asked only $ 6,940 in damages. Even if Edwards' counterclaims could be considered for purposes of determining the amount in controversy, but see Oliver v. Haas, 777 F.Supp. 1040 (D.P.R.1991); Williams v. Beyer, 455 F.Supp. 482, 484 (D.N.H.1978), Edwards' counterclaims do not specifically request damages in excess of $50,000, and there is nothing in those counterclaims to suggest that, if the claims had merit, Edwards could recover in excess of $50,000.
 
 
 5
 Even if we have no jurisdiction to review the remand order, we may still have jurisdiction to undertake appellate review of the district court's dismissal of Edwards' civil RICO counterclaims. See Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140 (1934); Kozera v. Spirito, 723 F.2d 1003, 1005 n. 1 (1st Cir.1983). Even so, however, we would summarily affirm the district court's dismissal. Loc.R. 27.1.
 
 
 6
 Edwards' counterclaims allege that Stadium and/or the other three counterclaim-defendants (Ronald Hinton, the John Hancock Property and Casualty Insurance Co., and the City of Boston Transportation Department) have engaged in four acts relating to motor vehicles owned by Edwards: (1) in May 1991, allegedly entering, seizing, and towing away his automobile; (2) in July 1992, allegedly refusing to make necessary repairs to Edwards' automobile and allegedly failing to make insurance payments owing to Edwards under his automobile insurance; (3) in December 1992, again allegedly entering, seizing, and towing away his automobile; and (4) in November 1993, yet again allegedly entering, seizing, and towing away his automobile. Edwards did not adequately allege any relationship between these apparently isolated events. Absent such an allegation, these events have nothing in common except that they involved automobiles owned by Edwards. Unrelated, isolated occurrences do not establish a pattern of racketeering activity to sustain a civil action under RICO. See Roeder v. Alpha Industries, Inc., 814 F.2d 22, 30-31 (1st Cir.1987).
 
 
 7
 The petition for a writ of mandamus is denied. to the extent that that petition included matters over which we may have appellate jurisdiction, the appeal is summarily dismissed as insubstantial. Loc. R. 27.1.