USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit
 

No. 97-1481

 JOHN OTTENBERG AND PAUL E. SOMMER,

 Plaintiffs, Appellees,

 v.

 VANGUARD FIDUCIARY TRUST, ET AL.,

 Defendants, Appellees.

 SHANTEE MAHARAJ,
 
 Defendant, Appellant.
 
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. Richard G. Stearns, U.S. District Judge]
 

 Before
 
 Selya, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Boudin, Circuit Judge.
 
 

 Shantee Maharaj on brief pro se.

June 12, 1998

 Per Curiam. As we stated in our order of November
 17, 1997, because the district court remanded this case due to
 defects in the removal procedure and/or lack of subject matter
 jurisdiction, we do not have jurisdiction to review that
 determination, whether or not erroneous, on appeal or via
 mandamus. See Thermtron Prods., Inc. v. Hermansdorfer, 423
 U.S. 336, 343 (1976); Gravitt v. Southwestern Bell Tel. Co.,
 430 U.S. 723, 723-24 (1977) (per curiam); 28 U.S.C. 1447(c)-
 (d).
 While we do have jurisdiction to review the order of
 the district court requiring appellant to pay the receiver the
 attorney's fees incurred as a result of the removal, seeBallard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 448 (1st
 Cir. 1989) (per curiam); see also 28 U.S.C. 1447(c),
 appellant has failed to demonstrate that the district court
 abused its discretion in making this award.
 Therefore, the order of the district court directing
 appellant to pay $1,968.75 in attorney's fees is affirmed.