**FLEXCON CO., INC., Plaintiff**

v.

**RAMIREZ COMMERCIAL ARTS, INC. Defendant.**

**No. CIV.A. 01–40054–NMG.**

United States District Court,
D. Massachusetts.

March 7, 2002.

Patricia J. Hill, Daniel L. Goldberg, Fiona S. Trevelyan, Bingham, Dana & Gould, Boston, MA, for Plaintiff.

Hector E. Pineiro, Robert H. Beadel, Worcester, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

This is an action brought by FLEXcon Company, Inc. ("FLEXcon"), a manufacturer of vinyl products for industrial applications, for recovery of $40,986 from Ramirez Commercial Arts, Inc. ("RCA") for adhesive materials used to secure automobile inspection stickers to windshields. On March 29, 2001, in conjunction with the filing of its counterclaim for damages exceeding $600,000, RCA filed a Notice of Removal based upon diversity of citizen-

ship, including the requisite jurisdictional amount in controversy.

FLEXcon is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and has its principal place of business in Spencer, Massachusetts. RCA is a corporation organized under the laws of the Commonwealth of Puerto Rico and has its principal place of business in Trujillo Alto, Puerto Rico.

The issue before this Court is whether, in an action brought initially in state court and subsequently removed to federal court, the amount of a compulsory counterclaim may be included to satisfy the amount in controversy requirement of diversity jurisdiction.

Pending before this Court is plaintiff's Motion to Remand this case to the Massachusetts Superior Court for Worcester County and to award attorneys fees and costs.

## I. Legal Standard

### A. Removal

Removal is generally governed by 28 U.S.C. § 1441 which provides, "(a) ... [A]ny civil action ... of which the district courts of the United States have original jurisdiction, may be removed by the defendant...".

The removal statute contains no express provision with respect to the jurisdictional amount. However, because

> it authorizes removal only of cases that originally might have been brought in a federal court, it follows that the jurisdictional amount requirement applies to the same extent as to original actions.

*Williams v. Beyer,* 455 F.Supp. 482, 483 (D.N.H.1978); 14B Wright, Miller & Cooper, Federal Practice and Procedure, Juris.3d § 3706.

"It is settled law that a defendant may remove an action from state court only where the federal court would have had original jurisdiction." *Chin v. Holiday Cruises II, Inc.,* 141 F.R.D. 367, 369 (D.Mass.1992); *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702–703, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). In the instant case, FLEXcon's claim for damages specifies that the amount in controversy is $40,986, which is far short of the jurisdictional amount required to initiate a diversity action in federal court.

## II. Discussion

█ For the purposes of removal, the determination of the amount in controversy is not always lucid. In the first instance, a plaintiff's pleadings establish the amount in controversy. Yet, RCA contends that when a compulsory counterclaim is interposed against the plaintiff's claim, jurisdiction should exist over both claims, citing *Swallow v. H. Molded Prod.,* 794 F.Supp. 660 (E.D.Mich.1992). RCA admits, however, that it is unclear whether the removal criteria are satisfied when a defendant's counterclaim exceeds the jurisdictional requirement while the plaintiff's original claim does not. FLEXcon, for its part, asserts that the defendant's counterclaim may not be considered for purposes of establishing the jurisdictional amount.

Although a minority position, several courts have suggested that they may consider a defendant's compulsory counterclaim for purposes of determining whether the jurisdictional amount is pled. *See, e.g., Swallow,* 794 F.Supp. at 662–63; *Congaree Broadcasters, Inc. v. T M Programming, Inc.,* 436 F.Supp. 258 (D.S.C.1977). The First Circuit Court of Appeals apparently has not decided the issue at hand and there is not a clear consensus among federal courts.

The growing weight of authority holds, however, that the amount in controversy requirement cannot be satisfied by considering a defendant's counterclaim. To the extent that discussion continues, courts disagree on which party's point of view is to be considered in calculating the amount at stake. *See* 14B Wright, Miller & Cooper, Fed. Prac. & Proc. Juris.3d § 3706 (2001); *Swallow,* 794 F.Supp. at 662–63; *Mesa Indus., Inc. v. Eaglebrook Prods., Inc.,* 980 F.Supp. 323, 326–27 (D.Ariz. 1997).

In *Oliver v. Haas,* 777 F.Supp. 1040 (D.P.R.1991), the plaintiff, a citizen and resident of Puerto Rico, sued in Commonwealth court for an amount less than $5,000 to recover costs of funeral services rendered for her late husband. The defendants, residents of Ohio, filed a notice of removal to the United States District Court on diversity jurisdiction grounds while asserting a compulsory counterclaim for $50,000 in compensatory damages and $1,000,000 in punitive damages. Just as here, the defendant professed that the amount in controversy could be satisfied by a compulsory counterclaim.

The United States District Court for the District of Puerto Rico disagreed on the grounds that, although diversity of citizenship existed, the amount in controversy was lacking and, therefore, remanded the case to the Commonwealth Court. *Id.* at 1042. The District Court further reasoned that "if Congress had intended to allow the use of defendant's counterclaim in satisfying the jurisdictional amount, it would have explicitly stated so." *Id. See also, Cabe v. Pennwalt,* 372 F.Supp. 780 (W.D.N.C.1974); *Williams,* 455 F.Supp. at 484.

Indeed, the Removal Statute, 28 U.S.C. § 1441, by its very terms, limits removal to cases in which the district court would have "original jurisdiction." The Supreme Court has observed that the language and legislative history of Section 1441 reveal a congressional intent to restrict the removal jurisdiction of federal courts. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 107–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Because it is a statutory rather than a constitutional provision, removal under Section 1441 should be narrowly construed to ensure "due regard for the rightful independence of state government." *Id.* at 109, 61 S.Ct. 868 (quoting *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934)).

Following the rules of statutory construction, the plaintiff's complaint and not the defendant's compulsory counterclaim governs the amount in controversy. *Ferris v. General Dynamics Corp.,* 645 F.Supp. 1354, 1361 (D.R.I.1986). Although, as the defendant suggests, there may be colorable reasons for adopting a different result, this Court is disinclined to do so.

Therefore, plaintiff's Motion to Remand will be allowed because the amount in controversy is insufficient to meet the jurisdictional requirements.

### III. Attorneys' Fees and Costs

 The plaintiff seeks fees and costs incurred in opposing the "improper removal" of this case. Indeed, "[t]he court may award attorney's fees when a party acts in bad faith, wantonly, vexatiously, or for oppressive reason." *Nippy, Inc. v. Pro Rok, Inc.,* 932 F.Supp. 41, 43 (D.P.R.1996). There is no evidence in this record, however, that the defendant sought removal in bad faith or for oppressive reasons. Thus, an award of attorneys fees and costs is not warranted.

### ORDER

For the foregoing reasons, the plaintiff's motion to remand and for fees (Docket No.

3) is **ALLOWED**, in part, in that the case will be remanded to Massachusetts Superior Court for Worcester County and **DENIED**, in part, with respect to its request for attorneys fees and costs.

**So ordered.**