UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Federal National
Mortgage Association,
      Plaintiff

      v.                                    Case No. 17-cv-0699-SM
                                            Opinion No. 2018 DNH 108
Judith Tompson,
      Defendant


**O R D E R**

Plaintiff, Federal National Mortgage Association ("Fannie Mae"), began this action in New Hampshire's 10th Circuit Court – District Division (Salem), by filing a Landlord and Tenant Writ against pro se defendant, Judith Tompson.  Tompson removed the suit to this court, invoking federal diversity jurisdiction. See 28 U.S.C. § 1332.  Fannie Mae has filed a motion to remand the action to state court for lack of subject matter jurisdiction.  For the reasons stated herein, plaintiff's motion is granted.

**BACKGROUND**

This litigation arises out of the foreclosure sale of property located at 9 Lancelot Court, Building 9, Unit 8, Salem, New Hampshire (the "Property").  Fannie Mae acquired the Property by foreclosure deed from First Eastern Mortgage Corporation, and subsequently commenced eviction proceedings

1

against Tompson, the Property's previous owner and mortgagor, who remains in possession.  On November 15, 2017, Fannie Mae filed a Landlord and Tenant action in the 10th Circuit Court – District Division (Salem).  Tompson removed the case to federal court, invoking this court's diversity jurisdiction, which she contends is proper because she is a resident of New Hampshire, while plaintiff is a federal national association, and because she seeks "damages under 26 U.S. Code §[]6334" that "meet the federal threshold amount."  Def.'s Mot. for Removal at 1.  In her notice of removal, defendant further contends that federal question jurisdiction exists as a result of her counterclaim under 26 U.S.C. § 6334.

## DISCUSSION

Pursuant to 28 U.S.C. § 1441, a defendant may remove a case originally filed in state court to federal court if that case presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000.  See 28 U.S.C. §§ 1441, 1331, 1332(a).  As the party invoking federal jurisdiction, defendant bears the burden of demonstrating that removal was proper.  Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008).  Tompson contends that jurisdiction rests upon diversity of citizenship

and amount in controversy and, alternatively, that jurisdiction is proper because the action raises questions of federal law.

1.  Federal Diversity Jurisdiction Under 28 U.S.C. § 1332

As noted, 28 U.S.C. § 1332 grants federal district courts original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  It is plain from the face of plaintiff's complaint that the jurisdictional minimum of $75,000 was not claimed.  The Landlord and Tenant Writ served upon the defendant makes clear that Fannie Mae seeks only possession of the Property; no rent is claimed (or damages for use or occupation).  In other words, the plaintiff seeks no monetary award.

Defendant does not argue that plaintiff's pleadings conclusively establish the amount in controversy.  Instead, she asserts that the amount in controversy requirement is met as a result of her 26 U.S.C. § 6334 counterclaim regarding her entitlement to a homestead exemption for her principal residence under the Internal Revenue Code.  She states: "[t]he Defendant stated the Homestead amount of $125,000 was the threshold amount at the time of removal; which exceeds the $75,000 requirement." Def.'s Opp. to Motion to Remand at 10.

"The amount in controversy requirement is ordinarily determined from the plaintiff's complaint."  Watch Hill

3

Partners, Inc. v. Barthel, 338 F. Supp. 2d 306, 309 (D.R.I. 2004) (citing Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961), and Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995) (stating that "it has long been the rule that a court decides the amount in controversy from the face of the complaint")). However, whether a defendant's counterclaim can be considered in order to satisfy the amount-in-controversy requirement is somewhat unsettled, and our court of appeals has not directly addressed the issue. While the "traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim," "the problem is more complicated when the defendant has been compelled to assert the counterclaim." 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3725.3 (4th ed.) (collecting cases).

Several district courts in this circuit have held that "the amount in controversy for diversity jurisdiction is based exclusively on the value of the claim asserted in the plaintiff's complaint; the value of any claims that are asserted in a counterclaim is not included in the determination of the amount in controversy." Brennan v. GinA, No. 1:15-CV-00382-NT, 2015 WL 7424149, at *2 (D. Me. Oct. 16, 2015), rept. & recommendation adopted, No. 1:15-CV-382-NT, 2015 WL 7428543 (D.

4

Me. Nov. 20, 2015) (citations omitted) (emphasis added); see also Kurra v. Synergy Computer Solutions, Inc., No. 15-CV-13952-ADB, 2016 WL 5109132, at *4 (D. Mass. Sept. 19, 2016) ("courts in this District have held that any counterclaims to be asserted by the removing defendant should not be considered when determining the amount in controversy." (citations omitted); Watch Hill Partners, Inc. v. Barthel, 338 F. Supp. 2d 306, 309 (D.R.I. 2004) ("[t]he majority of courts faced with this issue also have held that even compulsory counterclaims are not to be considered for purposes of determining whether the jurisdictional amount is pled.") (citations omitted); FIA Card Servs., N.A. v. Riley, 748 F. Supp. 2d 31, 33 (D. Me. 2010) (addressing defendant's appeal of district court's refusal to consider counterclaims when assessing the amount in controversy, and stating: "Binding legal precedent stands overwhelmingly against [defendant's] position, and the Court regards [defendant's] likelihood of success on appeal as beyond remote.") (citing, inter alia, Ballard's Service Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989)).

The court agrees with that approach, especially given that defendant's counterclaim is not compulsory, or compelled.  As stated by Wright and Miller, the "traditional rule" — which does not take counterclaims into account when determining the amount-

5

in-controversy — "surely is sound with respect to permissive counterclaims, which, by definition are not transactionally related to the original claim by the plaintiff."  14C Charles Alan Wright et al., Federal Practice & Procedure § 3725.3.  For those reasons, the court concludes the defendant's permissive counterclaim cannot be considered as part of the amount-in-controversy, and that the defendant has not sufficiently demonstrated that this action satisfies the amount-in-controversy requirement for diversity jurisdiction.[1]

    2.    Federal Question Jurisdiction Under 28 U.S.C. § 1331

    Defendant further contends that federal question jurisdiction exists because she is entitled to "Homestead pursuant to federal law . . . which may only be adjudicated by a U.S. District Court."  Def.'s Mem. in Supp. of Obj. to Mot. to

---

[1]    The court also observes that the defendant did not assert her 26 U.S.C. § 6334 counterclaim in state court.  See Document No. 11, at pp. 18-19 (asserting counterclaims for wrongful foreclosure and violations of NH RSA 540-A).  After removing the case to federal court, and following plaintiff's motion to remand, defendant filed an answer, and therein asserted the 26 U.S.C. § 6334 counterclaim.  See Document No. 12.  That is problematic because removal jurisdiction is determined from the "face of the state court complaint that triggered the removal" at the time the petition for removal was filed.  Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).

Thus, even assuming that defendant's counterclaim could be considered for purposes of determining the amount in controversy, no 26 U.S.C. § 6334 counterclaim existed at the time of removal.

6

Remand at 3.  That argument — that this case arises under federal law as a result of her counterclaim — is also unpersuasive.

A case arises under federal law for purposes of Section 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006).  And, as our court of appeals has instructed, "28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them."  Ballard's Serv. Ctr., 865 F.2d at 449 (emphasis added).

Plaintiff's eviction action is based on New Hampshire law, and does not implicate a federal question on its face.  Nor has defendant sufficiently explained why resolution of plaintiff's landlord-tenant claim would require the court to address an "embedded question of federal law that is both substantial and disputed."  R.I. Fishermen's Alliance, Inc. v. R.I. Dep't Of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009).  Accordingly, defendant fails to establish a federal question justifying removal.

7

The court briefly addresses defendant's argument concerning the action <u>Tompson v. First Eastern Mortgage Corporation</u>, Case No. 17-cv-113-PB. That case, which challenges First Eastern Mortgage Corporation's foreclosure of the Property, is currently pending in this district, and defendant argues that it "renders any subsequent possessory action as federal subject matter jurisdiction." Def.'s Mem. in Support of Opp. to Mot. to Remand at 2. She contends that, because the federal court has jurisdiction over the bank foreclosure case, the federal court "has subject matter jurisdiction of the subsequent possessory action in this case," as well. <u>Id</u>.

Defendant seems to be relying upon the court's supplemental jurisdiction to supply the original jurisdiction necessary to remove the case. Such reliance is misplaced. While our court of appeals has not addressed the issue directly, several courts have, and have held that a "case cannot be removed on the basis that the claims it raises are related to claims asserted in a separate federal action." <u>Residential Funding Real Estate Holdings, LLC v. Chavez</u>, No. CV 10-04488 MMM JCG, 2010 WL 3220065, at *1 (C.D. Cal. Aug. 12, 2010) (collecting cases); <u>see also</u> <u>Budri v. FirstFleet, Inc</u>., No. 3:17-CV-3241-C-BN, 2017 WL 6506469, at *2 (N.D. Tex. Nov. 30, 2017), <u>rept. & recommendation adopted</u>, No. 3:17-CV-3241-C, 2017 WL 6513688 (N.D. Tex. Dec. 19,

2017) ("Where original jurisdiction is lacking, '§ 1367, by its own terms, cannot fill the void,' as that section 'grants 'supplemental jurisdiction' over state claims, not original jurisdiction.'" (quoting Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 294 (5th Cir. 2010)) (footnote omitted).

As the Court of Appeals for the Sixth Circuit observed, "[t]he supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute." Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996) (internal citations omitted). See also Fabricius v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."). As such, the action Tompson v. First Eastern Mortgage Corporation, Case No. 17-cv-113-PB, does not provide a basis for federal question jurisdiction in this separately-filed action that does not involve any federal claims.

3. Timeliness of Plaintiff's Motion to Remand

Finally, defendant argues that plaintiff's motion to remand is untimely, citing in support 28 U.S.C. § 1447, which requires that a motion to remand be made within 30 days after the filing

9

of the notice of removal.  Defendant's argument overlooks the fact that the "30-day deadline for moving to remand an improperly removed case is subject to one exception: lack of subject matter jurisdiction, which may be raised at any time." Katz v. McVeigh, No. 15-CV-338-LM, 2015 WL 7016334, at *6 (D.N.H. Nov. 12, 2015) (citing 28 U.S.C. § 1447(c).  Plaintiff has moved to remand because the court lacks subject matter jurisdiction.  Defendant's argument, therefore, lacks merit.

### 4. Attorneys' Fees and Costs

Plaintiff requests an award of fees and costs incurred in seeking a remand.  However, an award of fees and costs is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Plaintiff fails to present any argument as to why Tompson lacked a reasonable basis for seeking removal, and, while Tompson "has not sustained [her] burden of showing federal question jurisdiction or the jurisdictional amount necessary for diversity jurisdiction, the court is not persuaded that [she] lacked an objectively reasonable basis for seeking removal, particularly considering [her] pro se status."  Bassi v. Krochina, No. 12-CV-39-JD, 2012

10

WL 1570836, at *5 (D.N.H. May 3, 2012). Accordingly, plaintiff's request for award of fees and costs is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand (document no. 8) is granted due to lack of subject matter jurisdiction. The case is remanded to New Hampshire's 10th Circuit Court – District Division (Salem).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 21, 2018

cc:  Patrick J. Martin, Esq.
     Judith Tompson, pro se

11