**WM CAPITAL PARTNERS, 53 LLC (now WMPPRE LLC), Plaintiff,**

v.

**SAN JUAN PROPERTIES, INC., et al, Defendants.**

**CIVIL NO. 17–02086 (GAG)**

United States District Court, D. Puerto Rico.

Signed 08/29/2017

Alberto N. Balzac–Colom, Montanez & Alicea, Hato Rey, PR, Roberto Abesada–

Aguet, Correa Acevedo & Abesada Law Offices, PSC, Guaynabo, PR, for Plaintiff.

Vanessa Saxton–Arroyo, San Juan, PR, for Defendants.

## OPINION AND ORDER

GUSTAVO A. GELPI, United States District Judge

This case involves the removal of a state court foreclosure action following the issuance of an order for a public auction of certain mortgaged properties based on a default judgement for the plaintiff. (Docket No. 12–1). WM Capital Partners, 53 LLC (now WMPPRE LLC) ("Plaintiff") filed suit initiating foreclosure proceedings against San Juan Properties, Inc., Ensysa Products Manufacturing Inc., Rolando Ávila Pérez, and Elizabeth Champaña Gagneron (collectively, "Defendants") in state court on September 15, 2010. (Docket No. 1, at 2).[1] Defendants did not appear or respond, and on April 5, 2013, the state court issued a final default judgement in the matter in favor of Plaintiff. (Docket No. 12–1, at 6–8). On July 7, 2017, the state court announced a public auction of the foreclosed property that would take place on September 6, 2017. (Docket No. 12–1).

Following the issuance of a state court order denying Defendants' motion for reconsideration on July 25, 2017, Defendants filed a notice of removal to the federal court on August 15, 2017. (Docket No. 1). On August 18, 2017, Plaintiff filed an emergency motion to remand to state court. (Docket No. 12). For the reasons below, Plaintiff's motion to remand is **GRANTED** and the case is **REMANDED** to state court.

1. Because certified transcribed copies of certain state court documents have not yet been provided, reference to dates of the state court

## I. Discussion

To remove a case from state court to federal court, the defendant must file a notice of removal, including the basis for federal court's subject matter jurisdiction—either by way of diversity or federal question jurisdiction—within thirty days of receipt of a copy of the initial pleadings. See 28 U.S.C. §§ 1441(a), 1446(b); City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). If the case is not initially removable, notice of removal may also be filed thirty days after a defendant receives notice that the case is one which may be removed. See 28 U.S.C. § 1446(b)(3). This exception, however, only allows "removal later in the case if it was not removable as originally filed, but *becomes removable* due to an amendment or for other reasons... If the case was removable originally, and the defendant failed to remove it within thirty days, [the defendant] has lost the option of federal court." JOSEPH W. GLANNON, THE GLANNON GUIDE TO CIVIL PROCEDURE 53 (2003) (emphasis in original).

Defendants assert that the Court's subject matter jurisdiction stems from a federal question at the heart of the suit (Docket Nos. 1, at 2; 1–2). Specifically, Defendants contend that Plaintiff failed to comply with the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Home Mortgage Disclosure Act (HDMA), and the Home Ownership and Equity Protection Act (HOEPA), among others. (Docket No. 1, at 2). Even assuming, *arguendo*, that there is a federal question here that provides the basis for the Court's subject matter jurisdiction, Defendant fails to present any ar-

proceedings are taken from the parties' submissions to the Court.

gument or explanation as to why the thirty-day limit should not apply.

If what Defendants assert is true and there was a federal question present even though it was not stated in the Plaintiff's complaint, then the case would have been removable at the outset of the litigation in 2010 and Defendants would have had to remove the case within thirty days of the initial pleadings. Even if the state court's denial of Defendants' motion to reconsider somehow raised a novel federal question, the case would *still* not be removable because it was already removable at the start of litigation. From any angle, Defendants' arguments do not tread water.

At no point do Defendants address the thirty-day requirement, except in their initial notice of removal. (Docket No. 1, at 3). In the notice, Defendants cite to 28 U.S.C. § 1446(b)(3) and state that they "were notified with a Court Orde[r] in the Commonwealth Court Action on July 25, 2017 from which one can ascertain that the case has become removable to the Federal District Court of Puerto Rico." Id. No additional explanation is offered, either in the notice of removal or in their response to the Court's order to show cause. (Docket No. 20).

Here, Defendants appear to have removed the suit as a last-gasp effort to stay the public auction of the foreclosed property on September 6, 2017, meaning the removal was vexatious and improperly motivated. Defendants must request a stay and other relief in the state court, which is competent to address any federal defenses and post-judgment claims.

When a notice of removal is so clearly without merit, the Court may sanction Defendants' counsel under Federal Rule of Civil Procedure 11 and order reimbursement of the costs and attorney fees. See, e.g., Ballard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir.1989); Car-

dillo v. Cardillo, 360 F.Supp.2d 402, 412–20 (D. R. I. 2005). Because the removal was clearly meritless in this case, the Court hereby imposes upon Defendants a monetary sanction per Rule 11 in the amount of $500, as well as upon counsel personally under 28 U.S.C. § 1927, also in the amount of $500. The same shall be deposited with the Clerk of Court, on or before September 15, 2017. Further, Defendants shall reimburse Plaintiff for costs and attorney's fees accrued in connection with the removal. 28 U.S.C. §§ 1447(c) and 1927.

## II. Conclusion

For the reasons set forth above, Plaintiff's motion to remand at Docket No. 12 is **GRANTED**. The case is hereby **REMANDED** to the Court of First Instance of the Commonwealth of Puerto Rico, San Juan. The Clerk of Court shall immediately notify the state court of the remand order.

**SO ORDERED.**